**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted March 16, 2021[*]
Decided March 19, 2021

### Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| Nos. 20-2672, 20-2676, 20-2698 & 20-2699 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| GRANT BIRCHMEIER, *et al.*, *Plaintiffs-Appellees*, | |
| *v.* | |
| CARIBBEAN CRUISE LINE, INC., *et al.*, *Defendants*. | No. 12 C 4069 Matthew F. Kennelly, *Judge*. |

Appeals of: Caribbean Cruise Line, Inc.;
Vacation Ownership Marketing Tours, Inc.;
The Berkley Group, Inc.; and Daisy Exum

### Order

Our first decision in this large-scale class action, see 896 F.3d 792 (7th Cir. 2018), affirmed the district court's handling of the settlement and award of attorneys' fees. What

---

[*] These successive appeals are being submitted to the original panel, with the exception of District Judge Griesbach, who has not participated. The appeals are being decided by a quorum of the panel. See 28 U.S.C. §46(d). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

remained for decision was who had received how many illegal robocalls, each of which was to support an award of $500 (subject to any adjustments necessary to ensure that the total received by class members fits within the range of $56 million to $76 million established by the settlement). Following the process outlined in the settlement, the district court resolved some open issues and referred others to a claims administrator, whose decisions could be reviewed by Wayne Anderson, serving as a special master. After the Master had made determinations (which the parties call "awarding calls"), the class took exception to some parts of the decision and three of the defendants took exception to others. The district judge asked the Master to hold additional hearings to resolve disputes by some class members who said that their claims had been mishandled. After that had been done, the judge resolved the remaining issues. The appeals contest two of the judge's decisions: one handling the principal class-wide issues, see 2019 U.S. Dist. LEXIS 127472 (N.D. Ill. July 31, 2019), and one determining that class member Daisy Exum had received 15 robocalls rather than the 700 she claimed or the 250 the Master found, see 2020 U.S. Dist. LEXIS 129538 (N.D. Ill. July 22, 2020). The class representatives have not appealed, but Exum and three of the original defendants have done so.

Exum contends that the Master's decisions are not reviewable, while the three defendants assert that appellate review is *de novo*—in other words, that the court of appeals decides on its own, without deference to the Master or the district judge. We do not agree with either approach. A special master, as a judge's delegate, cannot exercise unreviewable authority even if the parties agree to cut out the Article III judiciary. And the defendants are wrong to label their protests issues of law. They are mixed legal and factual matters. As the Supreme Court explained in *U.S. Bank N.A. v. Village at Lakeridge, LLC*, 138 S. Ct. 960, 966–68 (2018), the standard of appellate review depends on whether the arguments are case-specific, which implies deferential appellate review, or apply to multiple other cases. All of the arguments in all of the appeals before us are case-specific, which means that our review is deferential.

And the district judge's decisions comfortably survive deferential appellate review. Take Exum's contention that she received 700 robocalls. She said that her phone bills prove that 700 calls originated from the defendants or their agents, but she asserted that she had lost the bills. She did not attempt to obtain new copies from the phone company. The district judge observed that there would not have been any reason for defendants to call Exum incessantly (Exum estimated twice a day for a year), when they did not call anyone else nearly that often. Drawing on the numbers of calls proved by class members who retained records, the district judge estimated that Exum had been called 15 times. That number is not clearly erroneous.

Defendants' arguments in support of their own appeals principally concern the administration of the settlement's presumption that class members who do not prove some different number of calls will be treated as having received three. The settlement calls this a presumption, but defendants challenged its application to almost 95% of the class members who availed themselves of it. In defendants' view, only calls registered on the "class list" should count. The claims administrator, however, also looked at calls on lists derived from other sources. The district judge largely endorsed the claims administrator's approach, observing that the class list had been compiled from incomplete records. We think that the district judge's opinion says all that need be said about the objections that the defendants have raised on appeal.

AFFIRMED